UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUCE V. CAMPBELL,

    Plaintiff,

v.

CAPITAL ONE FINANCIAL
CORPORATION,

    Defendant.
_____/

CASE NO.: 8:20-cv-02550

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW comes BRUCE V. CAMPBELL ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of CAPITAL ONE FINANCIAL CORPORATION ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4.  Plaintiff is a consumer over-the-age of 18, residing in Polk County, Florida, which is located within the Middle District of Florida.

5.  Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6.  Defendant is engaged in the business of offering credit services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers located in the State of Florida.  Defendant is a corporation organized under the laws of the state of Delaware, with its principal place of business located at 1680 Capital One Drive, McLean, Virginia 22102.

7.  Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.  Plaintiff obtained a line of credit from Defendant in order to purchase personal household goods and/or services.

10. Due to financial hardship, Plaintiff fell behind on his scheduled payments to Defendant, thus incurring debt ("subject debt").

11. Around the summer of 2020, Plaintiff began receiving calls to his cellular phone, (516) XXX-2361, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2361. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has primarily used the phone number (800) 955-6600 when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

14. Upon information and belief, the above-referenced phone number ending in -6600 is regularly utilized by Defendant during its debt collection activities.

15. Defendant has used pre-recorded messages when placing collection calls to Plaintiff's cellular phone.

16. Upon speaking with Defendant, Plaintiff was informed that Defendant was seeking to collect upon the subject debt.

17. Plaintiff explained his financial inability to address the subject debt and demanded that Defendant cease contacting him.

18. Furthermore, Plaintiff informed Defendant of his intent to file for bankruptcy and asked that Defendant to contact his bankruptcy attorney instead.

19. Yet, Defendant willfully ignored Plaintiff's demands and continued placing phone calls to Plaintiff's cellular phone.

20. Defendant has also placed multiple calls to Plaintiff's cellular phone during the same day, even after Plaintiff notified Defendant to cease its contacts.

21. Plaintiff has received not less than 35 phone calls from Defendant since demanding that it stop contacting him.

22. Frustrated over Defendant's conduct, Plaintiff spoke with his attorneys regarding his rights, resulting in expenses.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used pre-recorded messages when placing calls to Plaintiff's cellular phone, thus bringing its phone calls within the ambit of the TCPA.

28. Defendant violated the TCPA by placing at least 35 phone calls to Plaintiff's cellular phone using pre-recorded messages without his consent. Any consent Plaintiff may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by Plaintiff's demands that it cease contacting him.

29. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, BRUCE V. CAMPBELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

32. At all times relevant to this Demand for Arbitration, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes §559.55(8).

33. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

34. At all times relevant to this Demand for Arbitration, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla.Stat. §559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. §559.51(1).

5

35. At all times material hereto, the subject debt is a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

36. Defendant violated sections 559.72(7) of the FCCPA through its unlawful conduct.

   **a. Violations of FCCPA § 559.72(7)**

37. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

38. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after he demanded that it stop calling. Instead of abiding by Plaintiff's wishes, Defendant placed no less than 35 calls to Plaintiff's cellular phone after he demanded that it cease calling him. Defendant was aware that its calls were harassing to Plaintiff as it continuously contacted him after he demanded that it cease calling.

WHEREFORE, Plaintiff, BRUCE V. CAMPBELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g.  Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: October 30, 2020                                               Respectfully Submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com